# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-51109
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 27, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                        Plaintiff–Appellee,

versus

JOSE ROLANDO DESANTIAGO,

                        Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 2:14-CR-1754-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Desantiago claims the within-guidelines term of 60 months

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51109

imposed on his conviction of illegal reentry was greater than necessary to meet the goals of 18 U.S.C. § 3553(a). He further avers that U.S.S.G. § 2L1.2 is not empirically based, that the sentence fails to account for the nonviolent nature of his offense, and that the guideline range does not reflect his cultural assimilation.

This court reviews a sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). A within-guidelines sentence is entitled to a presumption of reasonableness. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).

The record reflects that the district court adequately considered the § 3553(a) factors. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). Although Desantiago contends that this court should not apply the presumption of reasonableness because § 2L1.2 lacks an empirical basis, he concedes that that argument is foreclosed by *Mondragon-Santiago*, 564 F.3d at 366. Desantiago's theory regarding cultural assimilation is also insufficient to rebut the presumption. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Further, we have rejected the notion that the guidelines overstate the seriousness of the offense of illegal reentry. *See United States v. Gomez-Herrera,* 523 F.3d 554, 565–66 (5th Cir. 2008); *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).

Because Desantiago has failed to demonstrate that the district court did not consider a sentencing factor that should have received significant weight, that it gave significant weight to a factor it should have discounted, or that it made a clear error of judgment when it balanced the relevant factors, he has not rebutted the presumption of reasonableness. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). The judgment of sentence is AFFIRMED.